## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| INTESTATE SUCCESSION OF CHRIS | * | CIVIL ACTION |
| ANTHONY JOSEPH, ET AL. | * | |
| *Plaintiffs* | * | NO. 19-11268 |
| | * | |
| VERSUS | * | SECTION: T (4) |
| | * | |
| JOSEPH P. LOPINTO, III, ET AL. | * | JUDGE: GUIDRY |
| *Defendants* | * | |
| | * | MAGISTRATE: ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### JOINT STATUS REPORT

NOW INTO COURT, by and through undersigned counsel, come Plaintiffs, the INTESTATE SUCCESSION OF CHRIS ANTHONY JOSEPH, MICHELL STRICKLAND, individually and in her capacity as the duly confirmed natural tutrix of C.A.J., Jr., M. J., and M. J., minor children, and ANTOINETTE MIZETT, individually and in her capacity as the duly confirmed natural tutrix of P. T. J., a minor, as well as Defendants SHERIFF JOSEPH P. LOPINTO, III, in his official capacity as the duly elected Sheriff of Jefferson Parish, NARCOTICS DETECTIVE ALLEN DOUBLEDAY, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE BEN JONES, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE PAUL CARMOUCHE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, and NARCOTICS DETECTIVE MICHAEL WIBLE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, who submit the following Joint Status Report pursuant to the Scheduling Order issued on October 15, 2019 in the above captioned matter.

## I.    LISTING OF PARTIES AND COUNSEL

1.     Plaintiffs, the INTESTATE SUCCESSION OF CHRIS ANTHONY JOSEPH, MICHELL STRICKLAND, individually and in her capacity as the duly confirmed natural tutrix of C.A.J., Jr., M. J., and M. J., minor children, and ANTOINETTE MIZETT, individually and in her capacity as the duly confirmed natural tutrix of P. T. J., a minor, are represented by Edwin M. Shorty, Jr., Hope L. Harper, Dwayne P. Smith, and Nathan M. Chiantella of Edwin M. Shorty, Jr. & Associates, APLC, which is located at 650 Poydras Street, Suite 2515, New Orleans, Louisiana 70130.

2.     Defendants SHERIFF JOSEPH P. LOPINTO, III, in his official capacity as the duly elected Sheriff of Jefferson Parish, NARCOTICS DETECTIVE ALLEN DOUBLEDAY, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE BEN JONES, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE PAUL CARMOUCHE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, and NARCOTICS DETECTIVE MICHAEL WIBLE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, are represented by Daniel R. Martiny and Jeffrey D. Martiny of Martiny & Associates, LLC, which is located at 131 Airline Highway, Suite 201, Metairie, Louisiana 70001.

## II.    PENDING MOTIONS

The parties aver that there are not any motions currently pending before this Honorable Court in this matter.

### III.    CONFERENCE AND TRIAL INFORMATION

The parties aver that a status conference is not presently scheduled in this matter.  The parties further aver that a final pretrial conference is set for **Tuesday, June 23, 2020 at 10:30 a.m.** in this matter.  The parties further aver that a jury trial is scheduled to commence on **Monday, July 27, 2020 at 9:30 a.m.**  The trial is expected to last five (5) days.

### IV.    FACTUAL AND LEGAL ISSUES IN DISPUTE

1. Whether the actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, NARCOTICS DETECTIVE BEN JONES, NARCOTICS DETECTIVE PAUL CARMOUCHE, and NARCOTICS DETECTIVE MICHAEL WIBLE were done in their official capacities and under color of state law.

2. Whether the actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, NARCOTICS DETECTIVE BEN JONES, NARCOTICS DETECTIVE PAUL CARMOUCHE, and NARCOTICS DETECTIVE MICHAEL WIBLE were in accordance with the customs, policies and practices of the Jefferson Parish Sheriff's Office and/or whether said actions were ratified, condoned, permitted or acquiesced in by those who make policy in the Jefferson Parish Sheriff's Office.

3. Whether the actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, NARCOTICS DETECTIVE BEN JONES, NARCOTICS DETECTIVE PAUL CARMOUCHE, and NARCOTICS DETECTIVE MICHAEL WIBLE violated the clearly established rights of the decedent, namely Chris Anthony Joseph, including, but not limited to, the duty to stop other officers who, in their presence, violate the guaranteed right to be free from the use of excessive force as provided by the Fourth and Fourteenth Amendments of the United States Constitution.

4.     Whether the actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, NARCOTICS DETECTIVE BEN JONES, NARCOTICS DETECTIVE PAUL CARMOUCHE, and NARCOTICS DETECTIVE MICHAEL WIBLE were done pursuant to the customs, policies and/or practices of the Jefferson Parish Sheriff's Office, which are deliberately indifferent in the training, discipline and supervision of its supervisors and officers.

5.     Whether the actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, NARCOTICS DETECTIVE BEN JONES, NARCOTICS DETECTIVE PAUL CARMOUCHE, and NARCOTICS DETECTIVE MICHAEL WIBLE are the direct and proximate cause of severe injuries and damages sustained by Plaintiffs herein.

6.     Whether the Jefferson Parish Sheriff's Office acted with deliberate indifference to the constitutional rights of the decedent and other similarly situated individuals.

7.     Whether the Jefferson Parish Sheriff's Office established, promulgated, implemented, and maintained the following customs, policies, and/or practices which were a proximate cause and a moving force in violations of the decedents' rights under the United States Constitution and Louisiana Constitution, to wit:

(a)     Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary use of force during investigations and/or arrests;

(b)     Failing to adequately train law enforcement officers on rendering medical treatment;

(c)    Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant knew or had actual notice of using excessive force against suspects and others;

(d)    Failing to intervene when it knew of improper use of force and failing to provide proper medical treatment; and

(e)    Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the use of excessive force and the failure to provide proper medical treatment.

8.    Whether each of the aforementioned customs, policies, or practices was known to the Jefferson Parish Sheriff's Office as highly likely and probable to cause violations of the United States Constitutional Rights of the decedent and other individuals subject to improper and deadly use of force, and each was a moving force in the violations of the decedents' United States Constitutional Rights.

9.    Whether the acts and actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE BEN JONES, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE PAUL CARMOUCHE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, and NARCOTICS DETECTIVE MICHAEL WIBLE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, were reasonable under the circumstances and support a claim under a theory of vicarious liability or *respondeat superior*.

10. Whether Chris Joseph and/or Daviri Robertson, by virtue of their own actions and conduct, was guilty of negligence and/or contributory negligence and/or assumption of the risk.

11. Whether the acts and actions taken by Defendants herein were reasonable under the circumstances and taken pursuant to valid and constitutional policies and provide a basis for any claim under *Monell*.

12. Whether the affirmative defense of qualified immunity and/or any other applicable immunities and/or limitations of liability as provided for in the Constitution and laws of the United States and the Constitution and laws of the State of Louisiana, including but not limited to the discretionary immunity provided in Louisiana Revised Statute 9:2798.1 is applicable.

13. Whether the damages and/or injuries sustained or incurred by Plaintiffs herein were the fault of individuals and/or entities over whom and/or which Defendants herein have no control.

14. Whether the any actions taken by Defendants NARCOTICS DETECTIVE ALLEN DOUBLEDAY, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE BEN JONES, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, NARCOTICS DETECTIVE PAUL CARMOUCHE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, and NARCOTICS DETECTIVE MICHAEL WIBLE, individually and in his capacity as a duly sworn officer employed by the Jefferson Parish Sheriff's Office, were taken in good

faith, with probable cause, without malice and under laws, were in fact constitutional, thereby entitling the Defendants herein to the defense of qualified immunity.

15.     Whether the sole and proximate cause of any injuries and/or damages sustained by the decedents, namely Chris Anthony Joseph and Daviri Robertson, during the incident complained of herein were the actions and/or inactions of the decedent.

16.     Any and all other factual and legal disputes that may be discovered during the course of litigation.

## V.     STATUS OF DISCOVERY

Discovery is in its' infancy.   Plaintiffs propounded written discovery requests to Defendant SHERIFF JOSEPH P. LOPINTO, III.   As of the submission of this Joint Status Report, responses and/or objections to said discovery requests have not been submitted on behalf of Defendant SHERIFF JOSPEH P. LOPINTO, III.   All parties need to conduct written discovery, retain expert witnesses, and depose factual and expert witnesses.

## VI.     STATUS OF SETTLEMENT NEGOTIATIONS

The parties have not entered into settlement negotiations as of the submission of this Joint Status Report.

Respectfully Submitted By:

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

*/s/ Hope L. Harper*

_____
EDWIN M. SHORTY, JR., #28421 (T.A.)
HOPE L. HARPER, #33173
DWAYNE P. SMITH, #21382
NATHAN M. CHIANTELLA, # 35450
650 Poydras Street, Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370

Fax:     (504) 207-0850
Email: eshorty@eshortylawoffice.com
          hharper@hlharperandassociates.com
          dsmith@eshortylawoffice.com
          nchiantella@eshortylawoffice.com

*and*

MARTINY & ASSOCIATES, L.L.C.

*/s/ Daniel R. Martiny*

_____

DANIEL R. MARTINY (9012)
JEFFREY D. MARTINY (35012)
131 Airline Highway - Suite 201
Metairie, Louisiana 70001
Telephone: (504) 834-7676
Facsimile: (504) 834-5409
E-mail: danny@martinylaw.com
Email: jeff@martinylaw.com
*Attorneys for Defendant - Sheriff Joseph P.*
*Lopinto, III, In His Official Capacity*

## CERTIFICATE OF SERVICE

I certify that on this the 13th day of December, 2019, a copy of the foregoing pleading was filed with the clerk of court using the CM/ECF system.  Notice of this filing will be served upon all parties by operation of the Court's electronic filing system.

*/s/ Daniel R. Martiny*

_____

DANIEL R. MARTINY